CHARLES W. WELDIN and MARTIN LANE, trading as WELDIN & LANE, v. ROBERT R. PORTER.

The consideration for the promise to pay the debt of another must appear in the written agreement, and cannot be proved by parol, but though it is signed by one of the parties only, if it states what is to be done by the other party in consideration of which such promise is made, it is sufficient; where, however, such promise is only a part of one entire agreement, but which is not performed by the other party no action will lie for the separate or special recovery alone of the debt of another which he has so promised to pay.

ASSUMPSIT on the following agreement between the parties signed by the defendant : I hereby agree to assume the amount of three hundred and seventy-six dollars and forty-three cents, and pay the same to Weldin & Lane, being the amount of Samuel Forrest's indebtedness to Wise & Weldin, and that I further agree to make over to Weldin & Lane a deed for one of ten houses situated on the north side of Eighth Street between Spruce and Pine Streets in the City of Wilmington, Del. For the said row of ten houses Weldin & Lane are to furnish the lumber and to take in part payment for bill of lumber the house which I have above agreed to deed over to them. The value of the above named house to be fifteen hundred dollars, and I will pay to Weldin & Lane the excess of their bill of lumber on said row of houses above the amount for said house which I deed to them. The evidence was

that Weldin & Lane had succeeded the late firm of Wise ·& Weldin in the lumber business, and that it was for the use and benefit of the latter firm the present action was brought by Weldin & Lane, to recover the balance of indebtedness, amounting to $376.43, due from Samuel Forrest to that firm at the time the plaintiffs succeeded them in business, and which had been assigned to the plaintiffs for their benefit at the instance and request of the defendant, and it was in consideration of their agreement to furnish the lumber for the houses mentioned, and take one of them in part pay for it at the stipulated price of $1500, that the defendant agreed to pay them the $376.43, so assigned to them as before stated. Forrest had contracted with the defendant to do the work upon the houses, and a number of written orders were given by the defendant on the plaintiffs for lumber during the progress of the work upon them, and that they furnished all the lumber that had been used in the building of them. The defendant was also to see the workmen paid as they proceeded with the work, but Forrest being also indebted to him, he and all the other workmen abandoned the work upon them before they were completed, because the defendant refused to pay them for it. The plaintiff then closed his testimony.

*Bates*, for the defendant, moved to nonsuit the plaintiffs because a sufficient consideration had not been shown for the promise on the part of the defendant to entitle them to recover. The consideration for the promise, as well as the promise itself, when it is to answer for the default or to pay the debt of another, must be stated in the agreement, for it cannot be proved or shown by parol evidence, because without the consideration for the promise being stated in the agreement, it will appear to be *nudum pactum*. *Wain v. Warlters*, 5 *East* 10. *Brown on Frauds*, secs. 388, 392, 394, 374. *Saunders v. Wakefield*, 4 *Barn. & Ald.* 595. Nor could they maintain the action on the amended counts · in the narr, because in them it was alleged, but had not

been proved, that the defendant had ordered the plaintiffs to cease delivering or furnishing lumber for the houses, as their reason and justification for not completing the contract on their part. And, furthermore, because the plaintiffs had not performed and completed the contract on their part.

*Harrington,* for the plaintiffs. A sufficient consideration on the part of the plaintiffs for the promise of the defendant to pay them the balance of indebtedness due from Forrest to the late firm of Wise & Weldin, whom they had succeeded in business, and which balance of indebtedness, amounting to $376.43, had been assigned by that firm to the plaintiffs at the special instance and request of the defendant, as had been proved, and was not denied on the other side, did appear on the face of the written agreement itself, by which he promised expressly to pay it to them; because, if any consideration whatever for such promise so appears, it was sufficient to sustain the action. *Brown on Frauds, secs.* 399, 405. *Benson v. Hippins,* 5 *Bingh.* 455. *Redhead v. Cutor,* 1 *Stark.* 14. *Coe v. Duffield,* 7 *Moore,* 252. *Colbourn v. Dawson,* 4 *E. L. & E. R.* 378. *Peate v. Dickens,* 1 *Crompt.* 422. 22 *How.* 43. *Add. on Contr.* 656. Or the consideration for the promise may be inferred or necessarily implied when it is apparent and obvious from the terms of the written agreement, although not expressly stated in it. As where the promise to pay for goods furnished to another was as follows : " I guarantee the payment of any goods which J. Stadt delivers to J. Nichols," it was objected by the counsel for the defendant that no consideration for the guarantee or promise was stated in the agreement, but the court held that the stipulated delivery of the goods, or the implied promise of the plaintiffs thereupon to deliver the goods to Nichols, was a consideration appearing on the face of the writing, and when the delivery took place the consideration for the promise attached. *Stadt v. Lill,* 9 *East* 348.

*Bates,* replied.

*By the Court.* We do not think the action can be sustained on the proof before us, not, however, on the grounds assigned for the nonsuit asked for by the counsel for the defendant. The agreement in question is very informally drawn and expressed, but the purport and meaning of it, we think, is quite obvious and apparent upon the face of it. Forrest, who had contracted with the defendant to build for him the houses referred to, was indebted to the late firm of Wise & Weldin in the sum of $376.43, which at the instance and request of the defendant, was assigned by that firm to the plaintiffs who had recently succeeded them in business, and who had agreed with the defendant to furnish the lumber for the houses which Forrest had contracted to build for him at that time, in consideration of which the defendant agrees and promises to pay them, as the assignees of Wise & Weldin, the $376.43 due from Forrest to them, in part payment for the lumber so to be furnished by them for the building of the ten houses stated in the agreement, and further, to make over to them by deed one of those houses (when they should be finished we suppose it means) also in part payment for the same, at the stipulated price or valuation of $1500, the two payments thus to be made for them amounting in the aggregate to $1876.43, which was the price agreed upon by both parties to be paid by the defendant to the plaintiffs for the lumber to be furnished by them for all the houses. The words of the agreement in this respect are as follows. "For the said row of ten houses Weldin & Lane are to furnish the lumber and take in part payment for bill of lumber the house I have above agreed to deed over to them," the other part payment for it to be the $376.43 which in it he had already assumed and agreed to pay to them for Forrest, as before stated; and although the agreement is alone signed by the defendant, yet the words which we have just quoted and read from it, import in the legal interpretation and meaning of it under the proof in this case, as direct and express a stipulation on the part of the plaintiffs to furnish the lumber for the purpose stated, and

on the terms stated, as if it had been signed by them also; and being such a stipulation on their part, it constituted on the face of the instrument and in the words of the agreement itself, a good and complete consideration for the promise of the defendant to pay them that amount of money on account of Forrest's indebtedness to them under the asignment from Wise & Weldin, and further, to convey to them by deed one of the houses at the stipulated price of $1500.

It is, therefore, not only one entire contract, but a special contract which has never been entirely performed even by the plaintiffs according to the evidence, and much less so, by the defendant; and yet, if we understand the tenor and effect of the several counts contained in the declaration, the whole and sole object of the action seems to be the separate recovery of the $376.43 assumed by the defendant, and which he promised in the agreement to pay to the plaintiffs on account of the balance of indebtedness due from Forrest to Wise & Weldin, and assigned by them at the request of the defendant to the plaintiffs. The special contract, however, cannot be sued on in this case, because it has not been performed on either side, nor can the specific demand sued for be recovered on any of the counts contained in the declaration. But we will direct the jury to return a verdict for the defendant, so that the plaintiffs may have an opportunity to except to our opinion, if they are not satisfied with it.